UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
**UNITED STATES OF AMERICA**          )
                                      )
                                      )
      **v.**                               )      **Criminal No. 13-305-12 (ESH)**
                                      )
**VINCENT JONES,**                    )
                                      )
              **Defendant.**              )
_____)

## **MEMORANDUM OPINION AND ORDER**

Defendant Vincent Jones, along with twenty-two others, has been charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five hundred grams or more of cocaine, and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846, crimes punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on November 26, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Dec. 3, 2013 [ECF No. 72].) At the conclusion of the hearing, Magistrate Judge Kay ruled that defendant Jones should be held pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 6.) Jones thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Def.'s Mot. to Vacate Det. Order and Order for Pre-Trial Release, Dec. 11, 2013 [ECF No. 58]; Gov't's Omnibus Opp. to Defs.' Mot. for Review and Revocation of Det. Orders ("Opp."), Dec. 13, 2013 [ECF No. 86].) This Court held a hearing on the motion on December 17, 2013. For the reasons stated in open court, as well as the reasons set forth herein, the Court will deny this motion.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that defendant Jones has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor Jones' continued detention. The indictment demonstrates probable cause that Jones participated in a large-scale narcotics conspiracy. Moreover, according to the government's proffer and the evidence presented at the hearing, Jones regularly purchased between ten and one hundred grams of heroin for re-distribution from co-defendant Juan Floyd. Jones, a childhood friend of co-defendant Floyd, also alerted Floyd to the fact that he was being followed by law enforcement and participated in one hundred "pertinent phone calls" often conducted in coded language regarding narcotics transactions. On November 20, 2013, law enforcement searched Jones' residence in Washington, D.C. and found a fully-loaded, semi-automatic assault rifle along with ammunition of several different calibers, as well as four cellular phones.

*Second*, the weight of the evidence favors continued detention. At the hearing, the government proffered that Jones and Floyd completed thirty narcotics transactions during the course of the investigation. Each transaction is believed to have been for between ten and one hundred grams of heroin. Among these suspected transactions, on one occasion, defendant Jones requested a "dollar bill" from co-defendant Juan Floyd. The government proffers, based on their experts and confidential sources that in the drug trade a "dollar bill" refers to one hundred grams of heroin. In addition, police recorded a call made by Jones to Floyd warning him that a law enforcement vehicle might be surveilling Floyd. (Det. Mem. at 3; Gov't's Second Mem. in Support of Pretrial Det., Nov. 26, 2013 [ECF No. 15], at 20-21.) Together these events constitute sufficient evidence that Jones was likely a narcotics redistributor for Floyd and that he has failed to overcome the rebuttable presumption of 18 U.S.C. § 3142(e).

*Third*, the history and characteristics of the defendant support his continued detention. As defense counsel explained, Jones' convictions are dated and he is gainfully employed by the

D.C. Department of Public Works.  However, the defendant's history and characteristics still support continued detention.  Despite prior convictions of carrying a firearm and possession with intent to distribute, the evidence strongly suggests that Jones continued to re-distribute narcotics and kept illegal weapons and ammunition in his home where children live. (Det. Mem. at 3-4.)

*Fourth*, defendant's potential danger to the community favors his continued detention. As Magistrate Judge Kay explained, "the narcotics trade does serious and pervasive damage to this community [and] Mr. Jones was in frequent contact with the head of the criminal conspiracy charged here . . . ." (Det Mem. 6.)  Moreover, defendant kept an illegal firearm and ammunition in his home.  The Court is therefore not satisfied that Jones would not present a danger to the community if released pending further proceedings.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in the custody of the Attorney General for confinement pending trial.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 19, 2013